# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI HAYNES ROACH, | Case No. 1:15-cv-00917-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION |
| v. | |
| TATE PUBLISHING & ENTERPRISES, LLC, et al., | ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE |
| Defendants. | ECF NO. 7, 8, 13, 14 |

On July 13, 2015, Defendants Richard Tate, Tate Music Group, and Tate Publishing & Enterprises, LLC ("Defendants") filed a motion to dismiss and a motion to compel arbitration. (ECF Nos. 7, 8.) Defendants filed amended motions on July 23, 2015 solely to change the hearing date on the motions from August 12, 2015 to August 26, 2015. (ECF Nos. 13, 14.) Plaintiff Terri Haynes Roach ("Plaintiff") filed oppositions to the motions on August 11, 2015. (ECF Nos. 17, 18.) Defendants filed replies on August 19, 2015. (ECF Nos. 19, 20.)

The hearing on the motions took place on August 26, 2015. John L. Migliazzo appeared on behalf of Defendants. Samer Salhab appeared on behalf of Plaintiff. For the reasons set forth below, Defendants' motion to compel arbitration is granted and Defendants' motion to dismiss is denied.

/ / /

# I.

# BACKGROUND

The complaint in this action was filed on June 15, 2015. (ECF No. 1.) Plaintiff's complaint brings a single cause of action against Defendants for copyright infringement. Plaintiff, an individual residing in Fresno, California, is a fiction writer who authored a work entitled "A Special Gift." (Compl. ¶ 11.) Plaintiff alleges that Defendants sold Plaintiff's copyrighted work online to various costumers throughout the country. (Compl. ¶ 12.) Plaintiff has not received compensation for these sales and Defendants did not have permission to sell Plaintiff's copyrighted work. (Compl. ¶ 13.)

Defendants' motion to compel arbitration contends that Plaintiff and Defendants entered into a written contract governing the sale of "A Special Gift" on August 1, 2013. The contract includes an arbitration provision which states that "[a]ny conflict will be resolved in arbitration."

Plaintiff's opposition argues that the August 1, 2013 contract was validly rescinded by Plaintiff after Defendants materially breached the contract. Plaintiff states that on February 12, 2015, Plaintiff's attorney sent a written letter of rescission directly to Defendant Richard Tate. On February 27, 2015, Defendant Tate responded with a letter addressed to Plaintiff with a document for Plaintiff to sign to end the contract. However, this document included language that stated that Tate Publishing "shall be held harmless and without fault or reserve in termination of this agreement." Plaintiff responded with another letter referencing the earlier rescission letter and demanded the refund of the $3,990.00 retainer Plaintiff paid under the original agreement. Plaintiff argues that she validly rescinded the August 1, 2013 contract, and therefore the arbitration clause does not apply.

Defendants' reply argues that Plaintiff's attempt to rescind the August 1, 2013 contract was invalid and the contract was never rescinded or otherwise terminated.

Defendants' motion to dismiss or to transfer venue argues that this Court lacks personal jurisdiction over Defendants, that Plaintiff filed in an improper venue, and that Plaintiff's complaint fails to state a claim upon which relief can be granted.

# II.

**LEGAL STANDARDS**

**A.     Motions to Compel Arbitration**

"[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the allocation of authority between courts and arbitrators." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (citing Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1131 (9th Cir. 2000)). "Because the FAA mandates that 'district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" Id. (quoting Chiron Corp., 207 F.3d at 1130). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).

**B.     Motions to Dismiss**

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(2) and (b)(3). Under Rule 12(b)(2), the Court may dismiss an action for lack of personal jurisdiction. Under Rule 12(b)(3), the Court may dismiss an action for improper venue. "On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the 'burden to establish jurisdiction.'" Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001) (quoting Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)). "'[T]he plaintiff[, however,] need only make a prima facie showing of jurisdiction.'" Id. (quoting Ziegler, 64 F.3d at 473).

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a

complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).

## III.

## DISCUSSION

### A.   Defendants' Motion to Compel Arbitration

"Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (citing 9 U.S.C. § 2; Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443-44 (2006)). "Under that provision, arbitration clauses in contracts 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Id. (quoting 9 U.S.C. § 2).

> Challenges to the validity of arbitration agreements "upon such grounds as exist at law or in equity for the revocation of any contract" can be divided into two types. One type challenges specifically the validity of the agreement to arbitrate. See, e.g., Southland Corp. v. Keating, 465 U.S. 1, 4–5, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (challenging the agreement to arbitrate as void under California law insofar as it purported to cover claims brought under the state Franchise Investment Law). The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.

Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006).

As an initial matter, it was unclear from the parties' briefing which document is a true and correct copy of the publishing agreement between Plaintiff and Defendants. In support of their motion, Defendants submitted what they represented to the publishing agreement. (See Decl. of Ryan Tate ("Tate Decl."), Ex. 1.) In support of her opposition, Plaintiff submitted a different document purporting to be the publishing agreement. (See Decl. of Terri Haynes Roach

4

("Roach Decl."), Ex. 1.) At the hearing, Defendants acknowledged that the copy of the publishing agreement attached to Mr. Tate's declaration was not the true and correct copy and the copy attached to Ms. Roach's declaration is a true and correct copy of the publishing agreement.

The Court notes that there appears to be no dispute that a publishing agreement, which included an agreement to arbitrate, existed at some point in time. The parties dispute whether the publishing agreement was in effect during the period of time at issue in Plaintiff's complaint. Plaintiff contends that she validly rescinded the publishing agreement after Defendants breached the contract. As a threshold issue, the Court must determine whether an arbitrator should decide whether the contract was validly rescinded or whether this Court must determine whether the contract was validly rescinded.

In <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395, 403 (1967), the Supreme Court addressed the issue of what disputes must be resolved by an arbitrator and what disputes must be resolved by a court. Specifically, the Supreme Court addressed the issue of whether a claim of fraud in the inducement of the entire contract is to be resolved by the federal court or whether the matter is to be referred to an arbitrator. <u>Id.</u> The Supreme Court held that:

> ...if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.

"[T]hough *Prima Paint* involved a charge of fraud in the inducement of the contract, the rationale of *Prima Paint* extends to attempts to rescind contracts on other grounds." <u>Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.</u>, 925 F.2d 1136, 1140 (9th Cir. 1991). In other words, any challenges seeking to avoid or rescind a contract must be resolved by an arbitrator:

> ...*Prima Paint* applies to "voidable" contracts—those "where one party was an infant, or where the contract was induced by fraud, mistake, or duress, or where breach of a warranty or other promise justifies the aggrieved party in putting an end to the contract." Restatement (Second) Contracts § 7 comment b (1981). If the dispute is within the scope of an arbitration agreement, an arbitrator may properly decide whether a contract is "voidable"

because the parties have agreed to arbitrate the dispute.

Id.

In Buckeye Check Cashing, Inc., the Supreme Court summarized the holdings of Prima Paint and its progeny:

> First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts.

Buckeye Check Cashing, Inc., 546 U.S. at 445-46.

Here, Plaintiff raises a challenge to the contract as a whole and not specifically to the arbitration clause. Therefore, pursuant to Prima Paint, Plaintiff's challenge must be heard by an arbitrator and not by this Court. Plaintiff argues that no valid agreement to arbitrate exists because Plaintiff validly rescinded the contract on February 12, 2015 as a result of Defendants' material breaches of the publishing agreement. The parties dispute whether Plaintiff's theory relies upon legal rescission or simply the termination of the contract under the publishing agreement's "for cause" termination provision. (See Roach Decl, Ex. 1, Sec. VI, ¶ 1.) In either case, Plaintiff's challenge must be decided by an arbitrator as it constitutes a challenge to the contract as a whole. While the Court acknowledges that Plaintiff may be able to present compelling arguments supporting rescission or termination of the contract, under Prima Paint, this issue may not be decided by this Court.

At the hearing, Plaintiff requested leave to amend the complaint to allege facts that suggest fraud in the inducement of the contract. However, any such amendment would be futile, as Prima Paint clearly holds that claims of fraudulent inducement must be decided by an arbitrator in this circumstance and not the Court. There is no suggestion that there was any fraud in the inducement of the arbitration clause separate from the contract as a whole. Accordingly, the Court will grant Defendants' motion to compel arbitration to allow the arbitrator to address the issue.

/ / /

**B.     Defendants' Motion to Dismiss or Transfer Venue**

Defendants' motion to dismiss raises three arguments: 1) that this Court lacks personal jurisdiction over Defendants, 2) that Plaintiff filed in an improper venue and venue should be transferred to the Western District of Oklahoma, and 3) that Plaintiff's complaint fails to state a claim upon which relief can be granted.

   1.     Lack of Personal Jurisdiction

Defendants challenge this Court's personal jurisdiction over Defendants. "A federal court may exercise personal jurisdiction that 'comport[s] with the state long-arm statute, and with the constitutional requirement of due process.'" Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001) (quoting Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir. 1995)). "California's long-arm statute permits its courts to exercise jurisdiction 'on any basis not inconsistent with the Constitution of this state or of the United States.'" Id. (quoting Cal. Code Civ. Proc. § 410.10). Thus, to establish this Court's personal jurisdiction over Defendants, Plaintiff must show that (1) Defendants purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) their claims arise out of Defendants' California-related activities, and (3) the exercise of jurisdiction would be reasonable." Id. (quoting Ziegler, 64 F.3d at 473).

> Where ... the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." [Citation.] In such cases, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." [Citation.]

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

There is no serious question that Plaintiff has alleged sufficient facts in the complaint to make a prima facie showing of personal jurisdiction. Defendants have purposefully availed themselves of the privilege of conducting activities in California by entering into a publishing agreement with a California resident. Plaintiff further alleges that Defendants have sold copies of Plaintiff's work throughout the country and within California. Plaintiff's claims clearly arise from these California-related activities and the exercise of jurisdiction is reasonable. Defendants offer no compelling argument rebutting Plaintiff's allegations. See Brayton Purcell LLP v.

7

Recordon & Recordon, 361 F. Supp. 2d 1135, 1140-42 (N.D. Cal. 2005) (personal jurisdiction existed over out-of-state defendant accused of infringing upon copyrights owned by in-state plaintiff).

At the hearing, Defendants acknowledged that personal jurisdiction may exist with respect to Defendants Tate Publishing & Enterprises, LLC and Tate Music Group, but personal jurisdiction does not exist with respect to Defendant Richard Tate, individually. However, as framed by Plaintiff, the complaint alleges that Mr. Tate was personally involved in the infringement of Plaintiff's copyrighted work. Accordingly, the Court finds that Plaintiff has made a prima facie showing of personal jurisdiction at this stage in litigation.

2. Change of Venue

Alternatively, Defendants argue that venue should be transferred to the Western District of Oklahoma in the "interest of justice" pursuant to 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Factors considered by the Court include (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. Brayton Purcell LLP, 361 F. Supp. 2d at 1144 (quoting Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)). "The party seeking a change of venue has the burden to demonstrate that the transfer is appropriate." Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

Defendants offer a minimal justification on why venue would be more convenient in the Western District of Oklahoma. Defendants identify three witnesses who reside in Oklahoma who are expected to testify regarding the execution of the publishing agreement and a boilerplate declaration regarding the burdens of attending trial in California. Defendants have not described the relevant testimony of these witnesses and do not explain why all three of these witnesses

1 would be necessary to testify regarding the execution of the publishing agreement, particularly
2 when it appears that many aspects of the execution of the agreement may be undisputed and
3 could be established by stipulation.  See Meyer Mfg. Co. Ltd. v. Telebrands Corp., 2012 WL
4 1189765 at *6 (E.D.Cal.2012)("the moving party should state the witnesses' identifies, locations,
5 and content and relevance of their testimony.")(citation omitted) and E. & J. Gallo Winery v. F.
6 & P. S.p.A., 899 F.Supp. 465, 466 (E.D.Cal.1994) ("[a]ffidavits or declarations are required to
7 identify key witnesses and a generalized statement of their anticipated testimony").  Defendants
8 contend that "[a]ll the books and records of[sic] are located in the district to which transfer is
9 sought," without bothering to identify or describe any of these books and records or explain their
10 relevance to Plaintiff's claims.  Defendants argue that non-party witnesses could not necessarily
11 be subpoenaed to California, but does not identify any specific non-party witness that would fall
12 outside this Court's subpoena power.

13 Defendants have not met their burden in overturning Plaintiff's choice of forum.
14 Familiarity of the applicable law appears to be of little consequence, as Plaintiff's claims are
15 based upon federal law.  Feasibility of consolidation of other claims does not appear to be an
16 issue.  Local interest in the controversy could equally justify either venue, as California's interest
17 in protecting its residents' intellectual property rights would justify this district whereas
18 Oklahoma's interest in protecting Defendants' rights would justify Defendants' choice of venue.
19 Defendants have not attempted to make any showing regarding this Court's congestion relative
20 to the Western District of Oklahoma.  Accordingly, the Court will deny Defendants' motion to
21 change venue.

22 Finally, Defendants argue that Plaintiff's complaint should be dismissed pursuant to Rule
23 12(b)(6) because "Plaintiff fails to include the relevant contract that governs the relationship
24 between Tate Publishing and Plaintiff."  Plaintiff does not raise any contract-based claims in her
25 complaint.  Plaintiff's copyright claims do not rely on the existence of any contract—Plaintiff
26 argues that the publishing agreement was rescinded.  Accordingly, Plaintiff's failure to reference
27 the publishing agreement in her complaint has no impact on the viability of her copyright claim.
28 Based upon the foregoing, the Court will deny Defendants' motion to dismiss.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that arbitration is appropriate in this case pursuant to the arbitration clause of the publishing agreement. The Court finds that dismissal of the complaint or a change in venue is not warranted. However, the Court will stay these proceedings pending arbitration and will require the parties to submit regular status reports regarding the arbitration proceedings.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to compel arbitration and stay these court proceedings is GRANTED;

2. Defendants' motion to dismiss or to change venue is DENIED;

3. This action is STAYED pending arbitration of Plaintiff's claims; and

4. On or before February 29, 2016, the parties shall file a status report informing the Court of the status of the arbitration proceedings. The parties shall inform the Court as soon as practicable if the dispute between the parties has been settled or otherwise resolved.

IT IS SO ORDERED.

Dated:   **August 28, 2015**

UNITED STATES MAGISTRATE JUDGE