# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI HAYNES ROACH,<br><br>    Plaintiff,<br><br>    v.<br><br>TATE PUBLISHING & ENTERPRISES, LLC, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00917-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE STATUS REPORT<br><br>**DEADLINE: APRIL 17, 2017 AT 5:00 P.M.** |

On August 28, 2015, the Court granted Defendants Richard Tate, Tate Publishing & Enterprises, LLC, and Tate Music Group's motion to compel arbitration and stay these proceedings. (ECF No. 24.) In the December 15, 2016 status report, Plaintiff indicated that the American Arbitration Association ("AAA") represented to Plaintiff's counsel that Defendants have failed to pay their arbitration dues. (ECF No. 37.) The parties appeared for a status conference on January 12, 2017, during which Plaintiff indicated that she intended to file a motion to address Defendants' failure to comply with the arbitration provision of their agreement. (ECF No. 41.) On January 12, 2017, the Court issued an order setting a briefing schedule. (ECF No. 42.) On February 21, 2017, Plaintiff filed a motion to lift the stay. (ECF No. 46.)

In Plaintiff's motion to lift the stay, she indicated that the only reason that arbitration was

1

not terminated was because Plaintiff requested that it be suspended so that she would not be prejudiced by having to forfeit the $3,250.00 that she had paid. On or about November 8, 2016, AAA sent a notice to the parties that the matter would be suspended if Defendants' deposit was not received by November 11, 2016, and that the matter would be terminated if Defendants' deposit was not received by November 17, 2016. (Samer A. Salhab's Decl. (hereafter "Salhab Decl.") ¶ 6, ECF No. 46 at 8-10.) Defendants did not make a deposit prior to November 17, 2016. (Salhab Decl. ¶ 7.) Shortly thereafter, Plaintiff's counsel requested that the arbitration be suspended for 30 days so that Plaintiff could advise the Court of the status. (Salhab Decl. ¶ 8.) On or about January 3, 2017, AAA agreed to place the matter in abeyance and advised Plaintiff's counsel that the AAA policy for abeyance was to place the matter on hold for up to one year. (Salhab Decl. ¶ 9.) As of February 20, 2017, the arbitration was still in abeyance. (Salhab Decl. ¶ 10.)

On March 20, 2017, the Court lifted the stay in this action pursuant to Plaintiff's motion to lift the stay. (ECF No. 51.) The Court noted that since the arbitration proceedings were suspended at Plaintiff's request instead of being terminated, Plaintiff should seek to terminate the arbitration proceedings. (ECF No. 51.) In the March 20, 2017 order, the Court directed Plaintiff to seek termination of the arbitration proceedings within fourteen (14) days of the date of service of the order, file a status report within five (5) days of the date she seeks termination of the arbitration proceedings, and file a status report within five (5) days of the date that the arbitration proceedings are terminated. (ECF No. 51.) The March 20, 2017 order was served on Plaintiff's counsel electronically through CM/ECF on March 20, 2017. Fourteen days from the date of service of the March 20, 2017 order would have been April 3, 2017. Therefore, Plaintiff should have sought termination of the arbitration proceedings on or before April 3, 2017. If Plaintiff sought termination of the arbitration proceedings on April 3, 2017, then her status report would have been due within five (5) days, which pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), would have been April 10, 2017.[1] However, as of this date, Plaintiff has not filed a

---

[1] If Plaintiff had sought termination of the arbitration proceedings earlier than April 3, 2017, her status report would have been due earlier than April 10, 2017.

status report in compliance with the Court's March 20, 2017 order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file a status report by **5:00 p.m. on April 17, 2017.** Plaintiff is advised that any further failure to file status reports in compliance with this Court's orders may result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **April 14, 2017**

UNITED STATES MAGISTRATE JUDGE