# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI HAYNES ROACH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TATE PUBLISHING & ENTERPRISES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00917-SAB<br><br>ORDER GRANTING DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW AS COUNSEL OF RECORD AND DIRECTING CLERK OF THE COURT TO TERMINATE MICHAEL J. F. SMITH, JOHN L. MIGLIAZZO, and MICHAEL J. F. SMITH, APC, AS ATTORNEYS FOR DEFENDANTS<br><br>(ECF Nos. 45, 48, 50, 53, 54, 56) |

Currently before the Court is a motion to withdraw from Defendants Richard Tate, Tate Publishing & Enterprises, LLC, and Tate Music Group's counsel, John L. Migliazzo, Michael J. F. Smith, and Michael J. F. Smith, APC.[1] (ECF No. 45.) A hearing was held on April 19, 2017. Samer Salhab appeared telephonically for Plaintiff and John Migliazzo, counsel for Defendants, appeared telephonically. Defendant Richard Tate and representatives for Defendants Tate Publishing & Enterprises, LLC, and Tate Music Group did not appear at the hearing.

## I.

## BACKGROUND

On August 28, 2015, the Court granted Defendants' motion to compel arbitration and

---

[1] The Court refers to Richard Tate and Ryan Tate by their full names throughout the order to avoid any confusion. Ryan Tate is the son of Richard Tate and was President of Tate Publishing & Enterprises, LLC. Ryan Tate was Mr. Migliazzo's principal contact in this action.

1

stay these proceedings. (ECF No. 24.) The Court also directed the parties to file a status report informing the Court of the status of the arbitration proceedings on or before February 29, 2016. On February 23, 2016, a status report was filed, and on February 24, 2016, the Court ordered the parties to continue to file a status report every ninety days until the stay in this action was lifted. (ECF No. 28.) On November 10, 2016, at the request of the parties, the Court set a status conference regarding the stay of this case. (ECF No. 34.) After the status conference on November 16, 2016, the Court issued an amended order on November 17, 2016, requiring the parties to file the next status report on or before December 15, 2016. (ECF No. 35.)

In the December 15, 2016 status report, Plaintiff indicated that the American Arbitration Association ("AAA") represented to Plaintiff's counsel that Defendants have failed to pay their arbitration dues. (ECF No. 37.) On December 16, 2016, the Court ordered the parties to appear for a status conference. (ECF No. 38.) The parties appeared for a status conference on January 12, 2017, during which Defendants' counsel, John Migliazzo, indicated that he planned to file a motion to withdraw as counsel for Defendants. (ECF No. 41.) On January 12, 2017, the Court issued an order setting a briefing schedule. (ECF No. 42.)

On February 16, 2017, Defendants' counsel filed a motion to withdraw as counsel. (ECF No. 45.) On March 9, 2017, the Court issued an order requiring Defendant Richard Tate and representatives for Defendants Tate Publishing & Enterprises, LLC, and Tate Music Group to appear at the March 22, 2017 hearing. (ECF No. 47.) The Court directed Defendants' counsel to personally serve a copy of the March 9, 2017 order on Defendants. The Court also directed Defendants' counsel to file an affidavit in compliance with Local Rule 182(d).

On March 15, 2017, Defendants' counsel filed a supplemental declaration which included a request for additional time in the event Defendants do not appear at the March 22, 2017 hearing so that counsel can reach out to Defendant Richard Tate. (March 15, 2017 Declaration of John Migliazzo ("Migliazzo Decl."), ECF No. 48.)

On March 16, 2017, the Court continued the hearing on the motion to withdraw as counsel to April 19, 2017, at 10:00 a.m. in Courtroom 9. The Court stated that the other provisions of the March 9, 2017 order would apply to the April 19, 2017 hearing. The Court

found it necessary to have Defendant Richard Tate and representatives for Defendants Tate Publishing & Enterprises, LLC, and Tate Music Group personally appear at the April 19, 2017 hearing. However, the Court stated that Defendant Richard Tate and representatives for Defendant Tate Publishing & Enterprises, LLC, and/or Defendant Tate Music Group could request to appear by video or telephonically with the request coming from Defendants' counsel. The Court also required Defendants' counsel to personally serve all Defendants with a copy of the March 16, 2017 order and the March 9, 2017 order and file proof of service on or before April 12, 2017.

On March 16, 2017, the Court granted Plaintiff's motion to lift the stay and the stay in this action was lifted. (ECF No. 51.)

Defendants' counsel did not file a proof of service by the deadline, so on April 17, 2017, the Court issued an order requiring Defendants' counsel to file a proof of service or a status report by 5:00 p.m. on April 17, 2017. (ECF No. 53.) On April 17, 2017, Defendants' counsel filed a status report and an affidavit of the process server showing that Defendants were served on April 4, 2017, by personally serving Richard Tate. (ECF No. 54.) On April 19, 2017, Defendants' counsel filed a second affidavit of the process server, which clarified which documents the process server served on Defendants. (ECF No. 56.)

## II.

## STANDARD

The Local Rules of the Eastern District of California provide that:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d).

1   The California Rules of Professional Conduct state that an attorney may not withdraw from employment in a proceeding without the permission of the court. Cal. Rules of Professional Conduct 3-700(A)(1). To withdraw counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. Rules of Professional Conduct 3-700(A)(2).

It is within the Court's discretion whether to grant withdrawal. L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-cv-00744-LJO-JLT, 2012 WL 3236743, at *2 (E.D. Cal. Aug. 6, 2012). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id.

**III.**

**DISCUSSION**

Counsel for Defendants make this motion on the grounds that Defendants have engaged in conduct that renders it unreasonably difficult for counsel to carry out the employment effectively, Cal. Rules of Professional Conduct 3-700(C)(1)(d), and Defendants have breached the agreement or obligation to counsel as to expenses and fees, Cal. Rules of Professional Conduct 3-700(C)(1)(f).

The California Rules of Professional Conduct permit withdrawal if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rules of Professional Conduct 3-700(C)(1)(d). Withdrawal is also permitted when a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rules of Professional Conduct 3-700(C)(1)(f).

Here, Mr. Migliazzo provided in his March 15, 2017 supplemental declaration the only address that he has for Defendants, which is also the address where Defendants were personally served by the process server. (Migliazzo Decl. ¶ 13; ECF No. 56.) Mr. Migliazzo has made multiple attempts beginning in November 2016 to communicate with Defendants with little or no response. (Migliazzo Decl. ¶¶ 3-5, 7-9.) Mr. Migliazzo indicates that other than a brief

exchange on November 16, 2016, and a response from Ryan Tate on March 8, 2017, his attempts to contact Defendants have failed and/or Defendants have failed to respond to his inquiries. (Id.) Defendants have also been in breach of the attorney-client fee agreement for more than one year and have not responded to counsel's request to cure the breach. (Id. at 7.)

Mr. Migliazzo sent an email requesting the arbitrator fees issue be resolved to Richard Hasley, counsel in the arbitration proceedings, and Ryan Tate following the December 15, 2016 status conference in this matter. (Id. ¶ 5.) Mr. Migliazzo sent follow-up emails to Ryan Tate and Mr. Hasley on December 16, 2016, December 19, 2016, December 27, 2016, and January 4, 2017. (Id.) Mr. Migliazzo cautioned Ryan Tate that he would not be representing Tate Publishing if the arbitration was vacated and remanded back to this Court. (Id.) During the same time period, Mr. Migliazzo made phone calls to Ryan Tate without success. (Id.) Mr. Hasley also indicated to Mr. Migliazzo that he was not able to get in touch with Ryan Tate. (Id.) On January 4, 2017, Mr. Migliazzo was cc'ed on an email from Mr. Hasley indicating that he was withdrawing from representing Tate Publishing, et al. in the arbitration proceeding. (Id. at 6.)

On January 6, 2017, Defendants' counsel provided notice to Defendants by first class mail and email of counsel's intent to withdraw as counsel for Defendants. (Id. at 8.) On February 16, 2017, counsel served Ryan Tate by mail with the instant motion to withdraw as counsel. (ECF No. 45 at 3; ECF No. 45-1 at 4; ECF No. 45-2 at 3.) On March 8, 2017, Ryan Tate wrote to Mr. Migliazzo and indicated that the company declared bankruptcy.[2] (Migliazzo Decl. ¶ 9.)

On April 4, 2017, Defendants were personally served with the Court's March 16, 2017 order.[3] Defendants were ordered to personally appear or request through their counsel to appear

---

[2] Mr. Migliazzo declared on March 15, 2017, that he had searched the Oklahoma bankruptcy courts, but was not able to find the bankruptcy proceeding. On April 19, 2017, the Court searched the PACER national database for bankruptcy cases and did not find any cases for Defendants.

[3] The Court notes that the March 16, 2017 order directed Defendants' counsel to personally serve a copy of the March 16, 2017 order and the March 9, 2017 order on Defendants. However, the process server did not serve a copy of the March 9, 2017 order on Defendants. Although Defendants were not served with a copy of the March 9, 2017 order, the contents of the March 16, 2017 order reiterated much of the information contained in the March 9, 2017 order. The March 16, 2017 order informed Defendants that their personal appearance was required at the April 19,

by video or telephonically at the April 19, 2017 hearing. However, Defendants did not appear at the April 19, 2017 hearing. Mr. Migliazzo stated at the April 19, 2017 hearing that he has not had any contact with Defendants since they were served.

The Court finds that the breakdown in communication between Defendants and their counsel and Defendants' breach of the fee agreement weigh heavily in favor of granting the motion to withdraw as counsel. The Court notes that Plaintiff did not oppose the motion to withdraw. In considering any prejudice to the other litigants or harm caused to the administration of justice by granting the request to withdraw, the Court recognizes that if the motion to withdraw is granted, Tate Publishing & Enterprises, LLC, and Tate Music Group may not represent themselves and will have to retain counsel. As discussed below, if these two Defendants do not retain counsel on or before May 22, 2017, sanctions may issue, including but not limited to the entry of default. Further, Defendants are required to file their responsive pleadings by May 22, 2017. If they do not, sanctions may issue, including but not limited to the entry of default. When the Court considers the circumstances of this case and the instant motion to withdraw as counsel, the Court finds that the motion to withdraw as counsel should be granted.

Defendant Richard Tate may proceed in this action in propria persona. However, the other two Defendants are entities, and therefore cannot proceed in this action in propria persona. Local Rule 183 provides that "[a] corporation or other entity may appear only by an attorney." See also U.S. v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (citing Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993)) (recognizing that a corporation is not permitted to appear in federal courts unless it is represented by counsel). Defendants Tate Publishing & Enterprises, LLC, and Tate Music Group are directed to seek and retain counsel, duly licensed to practice before the above-entitled Court, and have said counsel appear in this matter on or before May 22, 2017. Failure to have authorized counsel appear on or before May 22, 2017, may lead to sanctions at the discretion of

---

2017 hearing, but allowed Defendants to request through their counsel to appear by video or telephonically. The order also informed Defendants that the subject of the hearing would be Defendants' counsel's motion to withdraw as counsel. Therefore, Defendants had notice of the April 19, 2017 hearing.

6

the Court, including but not limited to the entry of default against Defendants Tate Publishing & Enterprises, LLC, and Tate Music Group.

All of the Defendants shall file their responsive pleadings by May 22, 2017. If any Defendant does not file a responsive pleading by May 22, 2017, sanctions may issue against that Defendant, including but not limited to the entry of default against that Defendant.

Rule 55 provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' counsel shall personally serve a copy of this order on Defendants Richard Tate, Tate Publishing & Enterprises, LLC, and Tate Music Group, and file a proof of service;

2. Defendants' counsel's motion to withdraw as attorney of record for Defendants Richard Tate, Tate Publishing & Enterprises, LLC, and Tate Music Group is GRANTED;

3. The Clerk of the Court is directed to terminate John Migliazzo, Michael J. F. Smith, and Michael J. F. Smith, APC, as attorneys for Defendants in this action;

4. The Clerk of the Court is directed to update the Defendants' addresses on the docket and serve a copy of this order as follows:

   Richard Tate
   127 East Trade Center Terrace
   Mustang, OK 73064

   Tate Publishing & Enterprises, LLC
   127 East Trade Center Terrace
   Mustang, OK 73064

   Tate Music Group
   127 East Trade Center Terrace
   Mustang, OK 73064

5. Defendants Tate Publishing & Enterprises, LLC, and Tate Music Group must

7

seek and retain counsel, duly licensed to practice before the above-entitled Court, and have said counsel appear in this matter on or before May 22, 2017;

6. Defendants Richard Tate, Tate Publishing & Enterprises, LLC, and Tate Music Group shall file responsive pleadings on or before May 22, 2017; and

7. The Court sets a scheduling conference in this matter for June 20, 2017, at 9:30 a.m. in Courtroom 9, before Magistrate Judge Stanley A. Boone. A joint scheduling report is due one week before the conference date.

IT IS SO ORDERED.

Dated: **April 19, 2017**

UNITED STATES MAGISTRATE JUDGE