# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI HAYNES ROACH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TATE PUBLISHING & ENTERPRISES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00917-SAB<br><br>ORDER REQUIRING PLAINTIFF TO EITHER SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE OR FILE A REQUEST FOR ENTRY OF DEFAULT AND CONTINUING SCHEDULING CONFERENCE TO SEPTEMBER 14, 2017<br><br>(ECF No. 58)<br><br>TEN DAY DEADLINE |

Plaintiff filed this action on June 15, 2015, against Defendants Tate Publishing & Enterprises, LLC; Tate Music Group; and Richard Tate alleging copyright infringement. (ECF No. 1.) On August 28, 2015, an order issued granting Defendants' motion to compel arbitration and this action was stayed. (ECF No. 24.) After Defendants' failed to comply with the arbitration requirements, the motion to stay was lifted. (ECF No. 51.) On April 19, 2017, defense counsel's motion to withdraw as counsel of record was granted; and Defendants' were ordered to obtain new counsel for the entity defendants and file a responsive pleading by May 22, 2017. (ECF No. 58.) Defendants have not complied with or otherwise responded to the April 19, 2017 order.

Entry of default is appropriate as to any party against whom a judgment for affirmative

1

relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted).

As of this date, no defendant has filed an answer or other pleading responsive to the complaint, nor has Plaintiff filed a motion for entry of default pursuant to Federal Rule of Civil Procedure 55. The Court shall require Plaintiff to either show cause why this action should not be dismissed for Plaintiff's failure to prosecute or a motion for entry of default.

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten (10) days from the date of service of this order, Plaintiff shall file a written response to the Court, showing cause why this action should not be dismissed for Plaintiff's failure to prosecute **or** a motion for entry of default;

2. The scheduling conference currently set for June 20, 2017, is continued to September 14, 2017, at 9:30 a.m. in Courtroom 9. A joint scheduling report is due one week before the conference date; and

3. Plaintiff's failure to comply with this order shall result in this action being dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: **June 5, 2017**

UNITED STATES MAGISTRATE JUDGE