# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI HAYNES ROACH,<br><br>       Plaintiff,<br><br>    v.<br><br>TATE PUBLISHING & ENTERPRISES,<br>LLC, et al.,<br><br>       Defendants. | Case No. 1:15-cv-00917-SAB<br><br>ORDER VACATING SEPTEMBER 14, 2017<br>SCHEDULING CONFERENCE AND<br>REQUIRING PLAINTIFF TO FILE A<br>MOTION FOR DEFAULT JUDGMENT<br>WITHIN THIRTY DAYS |

Plaintiff filed this action on June 15, 2015, against Defendants Tate Publishing & Enterprises, LLC; Tate Music Group; and Richard Tate alleging copyright infringement. (ECF No. 1.) The action was stayed on August 28, 2015, for the parties to engage in arbitration. (ECF No. 24.) On March 20, 2017, the stay of the action was lifted after Defendants failed to pay the arbitration costs preventing the arbitration from proceeding forward. (ECF No. 51.) On April 19, 2017, defense counsel's motion to withdraw as counsel in this action was granted and Defendants Tate Publishing & Enterprises, LLC, and Tate Music Group were ordered to retain counsel in this matter and all defendants were to file an answer to the complaint on or before May 22, 2017. Defendants did not comply with the April 19, 2017 order.

On June 12, 2017, default was entered against Defendants Richard Tate and Tate Publishing & Enterprises, LLC. (ECF No 61.) On June 15, 2017, default was entered against

Defendant Tate Music Group.  (ECF No. 65.)  Currently a mandatory scheduling conference is set for September 14, 2017. (ECF No. 59.)  As all defendants in this action have defaulted the mandatory scheduling conference shall be vacated.

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process.  Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb, 11, 2008).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b)(1) and (2).  "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits."  In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted).

Although Plaintiff has sought entry of default in this action, she has not moved for entry of default judgment.  This action cannot remain on the Court's docket indefinitely and it is Plaintiff's responsibility to continue prosecuting this matter or it shall be dismissed.

Accordingly, it is HEREBY ORDERED that:

1.    The scheduling conference set for September 14, 2017 is VACATED

2.    Plaintiff shall file a motion for default judgment within thirty days of the date of entry of this order; and

3.    Failure to file a motion for default judgment in compliance with this order will result in this action being dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **August 31, 2017**

_____
UNITED STATES MAGISTRATE JUDGE